[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11641
Non-Argument Calendar

_____

Agency No. A078-355-609

ISUF BASHLLARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 9, 2009)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Isuf Bashllari, a citizen of Albania proceeding pro se, petitions this Court for

review of the Board of Immigration Appeals's (BIA) decision, affirming the Immigration Judge's (IJ) order denying him asylum, withholding of removal under the Immigration and Nationality Act, and protection under the United Nations Convention on Torture (CAT).  On appeal, Bashllari argues that the IJ's adverse credibility determination was erroneous because it was based, at least in part, on an unreliable record of his asylum interview.  Bashllari also argues that IJ erred in alternatively denying his request for relief on the basis that he failed to meet his burden in establishing past persecution or well-founded fear of future persecution.

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA issued its own opinion as to Bashllari's credibility, in which it addressed the IJ's reasoning as well as included its own reasons for upholding the adverse credibility finding.  Thus, we review both the IJ and BIA's decisions.  See Chacon Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005).

We review a credibility determination under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006).  Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted).  This Court will reverse a

2

finding of fact only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An applicant bears the burden of establishing eligibility for asylum, withholding of removal and CAT and his testimony, if credible, may carry his burden of proof without corroboration. 8 C.F.R. § 208.13(a). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. An adverse credibility determination, however, "does not alleviate the IJ's [or BIA's] duty to consider other evidence produced by an asylum applicant." Id.

Bashllari argues that the IJ and BIA improperly relied on an unreliable record of his initial interview with an asylum officer in determining that he was incredible. However, in its decision, the BIA focused on the discrepancies between Bashllari's written statement, which he titled his "attestation," and his

3

asylum application. According to his asylum application, Bashllari left Albania purely because of limited economic opportunities and did not indicate that he had suffered or feared suffering persecution in Albania. Several years later and just prior to his hearing in the immigration court, he submitted his attestation which stated that he was threatened and shot at because of his knowledge of local government officials' involvement in weapons trafficking.

Bashllari has not explained the disparities between his asylum application, attestation, and testimony at his immigration court hearing sufficient to overcome the IJ's and BIA's adverse credibility findings. Bashllari's explanation that he did not know what information was presented in his asylum application because a friend filled it out for him does not compel this Court to reverse the BIA's credibility finding. Bashllari had the opportunity to explain the inaccuracies in his written application when he was interviewed by an asylum officer, but did not do so. Rather, according to his testimony at his immigration court hearing, Bashllari told the asylum officer that he came to the United States to work and did not want to go back to Albania. Moreover, Bashllari presented no corroborating evidence that would compel reversal of the adverse credibility finding. While Bashllari submitted statements from his neighbors and several articles and reports, none of the documents detailed the abuse that he allegedly suffered.

Given the stark differences between Bashllari's written asylum application

4

and his statements to the asylum officer from his attestation and immigration court testimony, we conclude that the record does not compel a reversal of the BIA's adverse credibility finding where he has not sufficiently explained these discrepancies.

Bashllari also argues that the IJ erred in her alternative finding that he had not met his burden in showing past persecution or a well-founded fear of future persecution. Although Bashllari properly raised these issues before the BIA, the BIA did not address the merits of these claims and instead concluded that Bashllari failed to carry his burden of proof as to asylum and withholding of removal based solely on its adverse credibility determination. Because an adverse credibility determination alone can be sufficient to support the denial of asylum and withholding of removal where the applicant has not presented any corroborating evidence that overcomes that finding, see Forgue, 401 F.3d at 1287, we need not address Bashllari's arguments regarding past persecution or well-founded fear of future persecution. His claim for CAT protection is likewise denied because he has not presented any evidence of torture or fear of torture that is different from his claims of persecution.

**PETITION DENIED.**

5